IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY | : | |
| | : | |
| v. | : | CIVIL NO. CCB-99-2517 |
| | : | |
| MELVYN COHEN | : | |

...o0o...

## **MEMORANDUM**

Lengthy litigation between the parties in this case involving ERISA disability benefits should have been ended by the Fourth Circuit's opinion on August 29, 2005, which largely affirmed this court's ruling entered after a bench trial. *Provident Life & Acc. Ins. Co. v. Cohen*, 423 F.3d 413 (4th Cir. 2005). Continuing the pattern of litigation, however, both sides sought attorneys' fees, Provident in the amount of $476,555.20 plus costs, and Cohen in the amount of $507,592.95 plus costs. Both requests will be denied.

A "prevailing party" is entitled to seek attorneys' fees in an ERISA action. *Martin v. Blue Cross & Blue Shield of Virginia*, 115 F.3d 1201, 1210 (4th Cir. 1997); 29 U.S.C. § 1132(g). The factors to consider in determining whether to award fees in an ERISA case are set forth in *Reinking v. Philadelphia American Life Ins. Co.*, 910 F.2d 1210, 1217-18 (4th Cir. 1990) as follows:

    1. degree of opposing parties' culpability or bad faith;
    2. ability of opposing parties to satisfy an award of attorneys' fees;
    3. whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;
    4. whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
    5. the relative merits of the parties' positions.

Under this test, neither party should be awarded fees for this litigation.

First, both sides "prevailed," but only in part. Cohen did not have to return the benefits paid through June 1999, but Provident's decision to end benefits as of that date was affirmed. The Circuit agreed that Cohen was not entitled to any additional total or residual disability benefits on his claim, although it reversed the declaratory relief voiding the policy. As to Provident's claim, its attempt to recover benefits already paid under a federal common law theory of unjust enrichment, was rejected by both this court and the Fourth Circuit.

Turning to Cohen's claim, it is most significant that this court found, and the Fourth Circuit did not condone, intentionally misleading statements by Cohen to Provident concerning his level of activities while claiming to be totally disabled. *See* 423 F.3d at 426. Cohen's culpability thus weighs against awarding him any fees. Most of the factors, other than culpability, are evenly balanced between the parties, although ability to pay may be more problematic for Cohen than for Provident. Deterrence already has been served by Cohen's loss of future benefits and the expense of litigation. To the extent any questions of significance to ERISA law generally were being litigated, both sides focused on such questions.

Accordingly, neither party should be awarded fees, and each side should bear its own costs. A separate Order follows.

| March 28, 2007 | /s/ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |